UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR GONZALEZ, Individually and on behalf of other persons similarly situated,<br><br>                               Plaintiffs,<br><br>- against -<br><br>ICELL INCORPORATED, SUNNY SINGH, AND JOHN DOES #1-10,<br><br>                               Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**Case No.** |

Plaintiff OMAR GONZALEZ, by his attorney, Law Office of Mark E. Goidell, alleges upon knowledge to himself and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216, the New York Labor Law Article 19, § 663, New York Labor Law, Article 6, §§ 190 *et seq.*, 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2, to recover unpaid overtime wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by Defendant ICELL INCORPORATED ("ICELL") and/or any other entities affiliated with or controlled by ICELL, SUNNY SINGH and/or JOHN DOES #1-10, individually (collectively referred to as "Defendants"). This action also asserts claims for failure to pay wages and commissions under the New York Labor Law §§ 190 *et seq.*

2. Since at least the inception of Plaintiff's employment with ICELL in January 2016, Defendants have wrongfully classified Plaintiff, and others similarly

situated who were employed by ICELL as "store managers", as exempt from overtime wages.

3. During that time period, Defendants have failed to provide overtime compensation to Plaintiff and other "store managers" for all hours worked in excess of forty (4) hours in any given week.

4. Under the direction of ICELL's shareholders, corporate officers, and/or directors, SUNNY SINGH and JOHN DOES #1-10, Defendants instituted this practice of depriving "store managers" of the basic compensation for work performed as mandated by federal and state law.

5. Plaintiff has initiated this action seeking for him, and on behalf of all similarly situated employees, all compensation, including overtime compensation, which they have been deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law and the implementing regulations.

## VENUE

7. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

8. Plaintiff OMAR GONZALEZ is an individual who is currently a resident of the County of Nassau, State of New York, and was employed by Defendants

from January 15, 2016 through on or about November 30, 2016 at the Cricket Wireless retail stores owned and operated by Defendants in Franklin Square, New York and Elmont, New York.

9. Plaintiff was promoted to the position of "store manager" of the Elmont, New York Cricket Wireless store by Defendants on or about April 12, 2016.

10. Upon information and belief, Defendant ICELL is a domestic corporation organized and existing pursuant to the laws of the State of New York, and is primarily engaged in the business of sales, distribution, marketing, and advertising of T-Mobile cellular products, with several locations in the metropolitan New York area.

11. Upon information and belief, Defendant SUNNY SINGH is a resident of the State of New York, within the jurisdiction of the United States District Court for the Eastern District of New York, and is, and at all relevant times was, an officer, director president, vice president, and/or owner and/or one of the ten largest shareholders of ICELL.

12. Upon information and belief, Defendant SUNNY SINGH is an officer, director, and/or managing agent of ICELL and participated in the day-to-day operations of ICELL, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law § 2 and the regulations thereunder, and is jointly and severally liable with ICELL.

13. Upon information and belief, Defendant JOHN DOES #1-10 are residents of the State of New York, within the jurisdiction of the United States District Court for the Eastern District of New York, and are, and at all relevant times were, officers,

directors, presidents, vice presidents, and/or owners and/or one of the ten largest shareholders of ICELL.

14. Upon information and belief, Defendants JOHN DOES #1-10 are officers, directors, and/or managing agents of ICELL and participated in the day-to-day operations of ICELL, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law § 2 and the regulations thereunder, and are jointly and severally liable with ICELL.

15. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, supply, distribute, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

16. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than Five Hundred Thousand Dollars ($500,000.00).

## COLLECTIVE AND CLASS ALLEGATIONS

17. Plaintiff repeats and reiterates each of the allegations set forth in paragraphs 1 through 16 hereof.

18. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, as well as New York State laws. This action is brought on behalf of Plaintiff, as well as the collective members and a class consisting of similarly situated employees who worked for Defendants as "store managers" from the period from January 2014 through the present.

19. Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) misclassifying Plaintiff and other similarly situated members of the putative collective action as exempt from overtime compensation, and (2) failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (4) hours in any given week pursuant to 29 U.S.C. § 207 and New York State law.

20. The putative class is so numerous that joinder of all other similarly situated members is impracticable. The size of the putative class is believed to be in excess of thirty (30) employees. In addition, the names of all potential other similarly situated members of the putative class are not known, other than to Defendants.

21. The questions of law and fact common to the similarly situated collective action and putative class action members predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants misclassified Plaintiff and other similarly situated members of the putative collective and class actions as exempt from overtime; (2) whether the Defendants failed to pay overtime wages at the rate of one and one half times the regular rate of pay for all hours worked in excess of forty (40) hours in any given week to Plaintiff and other similarly situated members of the putative collective and class actions in violation of federal and state law; (3) whether Defendants have sufficient proof of hours worked by Plaintiff and those similarly situated and whether Defendants satisfied their duty to maintain time and/or pay records as required by federal and state law; (5) whether the Defendants' actions, as alleged, were willful or with reckless disregard to the

law; (6) whether each of the Defendants is liable to Plaintiff and other similarly situated members of the putative collective and class actions for compensatory, statutory, and punitive damages, interest, costs and disbursements, and attorneys' fees; and (7) whether Defendants should be enjoined from such violations of the FLSA and New York Labor Law in the future.

22. The claims of the Plaintiff are typical of the claims of the putative class action members. The Plaintiff and other similarly situated putative class action members were all subject to Defendants' policies and willful practices of misclassifying such employees as exempt and of refusing to pay employees overtime wages. The Plaintiff and the putative class action members thus have sustained similar injuries as a result of the Defendants' actions. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in wage and hour collective and class action litigation.

23. A collective and/or class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and other similarly situated members of the putative collective and class actions lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

24. Upon information and belief, beginning in or about January 2014, the Defendants employed numerous individuals at its various Cricket Wireless retail stores.

25. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, ICELL constitutes an "enterprise engaged in commerce.".

26. Upon information and belief, while working for Defendants, Plaintiff and the other similarly situated members of putative class were regularly required to perform work for Defendants without receiving overtime compensation as required by applicable federal and state law.

27. Upon information and belief, Plaintiff and all other similarly situated members of the putative class constituted "employees" as that term is defined in Article 6 and Article 19 of the New York Labor Law and in 12 NYCRR 142-2.14.

28. The payments made to Plaintiff and other similarly situated members of the putative class by Defendants constitute "wages" as that term is defined under Article 6 and Article 19 of the New York Labor Law.

29. Upon information and belief, while working for Defendants, Plaintiff and the other similarly situated members of the putative class did not receive all earned overtime wages at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (4) hours in any given week.

30. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and applicable State law by failing to maintain proper and complete timesheets or payroll records.

31. Upon information and belief, Defendant SUNNY SINGH was at all relevant times an officer, director, president, vice president, and/or owner of ICELL, and (i) had the power to hire and fire employees for ICELL; (ii) supervised and controlled employee work schedules or conditions of employment for the company; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for ICELL.

32. Upon information and belief, Defendant SUNNY SINGH dominated the day-to-day operating decisions of ICELL, made all major personnel decisions for ICELL, and had complete control of the alleged activities of ICELL which gives rise to the claims brought herein.

33. Upon information and belief, Defendant SUNNY SINGH was a supervisor, officer and/or agent of ICELL, who acted directly or indirectly in the interest of ICELL, and is an employer within the meaning of the FLSA.  Defendant SUNNY SINGH, in his capacity as an officer, director, president, vice president, and/or owner, actively participated in the unlawful method of payment for ICELL employees as set forth herein.

34. Upon information and belief, Defendants JOHN DOES #1-10 were at all relevant times an officer, directors, presidents, vice presidents, and/or owners of ICELL, and (i) had the power to hire and fire employees for ICELL; (ii) supervised and controlled employee work schedules or conditions of employment for the company; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for ICELL.

35. Upon information and belief, Defendants JOHN DOES #1-10 dominated the day-to-day operating decisions of ICELL, made all major personnel decisions for ICELL, and had complete control of the alleged activities of ICELL which gives rise to the claims brought herein..

36. Upon information and belief, Defendants JOHN DOES #1-10 were supervisors, officers and/or agents of ICELL, who acted directly or indirectly in the interest of ICELL, and are employers within the meaning of the FLSA.  Defendant JOHN DOES #1-10, in their capacities as officers, directors, presidents, vice presidents, and/or owners,

actively participated in the unlawful method of payment for ICELL employees as set forth herein.

37. During the period between April 2016 and November 2016, Plaintiff OMAR GONZALEZ worked for Defendants as the store manager of the Cricket Wireless store located in Elmont, New York. His job duties included opening and closing the store, sales, communications with customers and prospective customers, count of inventory, and securing revenue.

38. While employed by Defendants, Plaintiff did not have any managerial duties. Plaintiff was not responsible for hiring, firing, demotion or promotion of employees, compensation, or any other personnel decisions. Plaintiff had no responsibilities for ordering inventory, banking, payment of obligations, or setting sales goals. Plaintiff did not exercise independent judgment and discretion on matters of significance while employed by Defendants.

39. While employed by Defendants, Plaintiff regularly worked over forty (40) hours each week, usually and typically between fifty-five (55) hours and sixty (60) hours weekly, but did not receive overtime compensation at time and one-half his regular hourly wage for the hours worked over forty (40) in any given week.

40. During the period between January 2014 and the present, there were and have been numerous other employees who were similarly situated to the Plaintiff, inasmuch as they were all non-exempt employees who worked at one or more of the Defendants' locations as store managers.

41. Upon information and belief, these similarly situated employees also did not have any substantial managerial duties; they were not responsible for decisions

regarding the hiring, firing, demotion, or promotion of employees; they did not have any influence on the structure of sales goals, bonus incentives or compensation; and they did not exercise independent judgment and discretion on matters of significance while employed by Defendants.

42. Upon information and belief, while employed by Defendants, these similarly situated employees regularly worked over forty (40) hours each week, but did not receive overtime compensation at time and one-half their regular hourly wage for all hours worked over forty (40) in any given week.

43. In addition to the foregoing, Defendants have failed and refused to pay to Plaintiff his regular wages for the following days worked by Plaintiff for Defendants: November 7, 2016, November 9, 2016, November 10, 2016, November 11, 2016, November 12, 2016, November 13, 2016, November 14, 2016, November 16, 2016 and November 17, 2016.

44. Pursuant to the policy of the Defendants and their agreement with Plaintiff, the compensation paid to Plaintiff includes commissions calculated by the number of monthly activations, upgrades and accessories.

45. For the months of April 2016 and May 2016, Plaintiff earned commissions in the amounts, respectively, of Five Hundred Seventy-Seven Dollars and Twelve Cents ($577.12) and Three Hundred Thirteen Dollars and Seventy-Two Cents ($313.72).

46. Defendants have failed and refused to pay to Plaintiff the commission payments due and owing to Plaintiff for the months of April 2016 and May 2016.

47. Further, upon information and belief, Defendants never entered into a written agreement with Plaintiff governing the terms of his employment and compensation, as required under New York Labor Law § 191(1)(c).

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Compensation)

48. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 47 hereof.

49. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff and other similarly situated members of the putative collective action overtime wages at a rate of one and one-half times the normal rate of pay for all hours worked over forty (40) in any given week.

50. Upon information and belief, the failure of Defendants to pay Plaintiff and other similarly situated members of the putative collective action their rightfully owed wages was willful.

51. Upon information and belief, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA in any area where Plaintiff was employed, in violation of 29 C.F.R. § 516.4.

52. As a result of Defendants' failure to properly record, report, credit and/or compensate Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. As the result of the foregoing, Defendants are liable to Plaintiff and other similarly situated members of the putative collective action in an amount to be

determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (New York State Law Overtime Compensation)

54. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 53 hereof.

55. Upon information and belief, Defendants violated the New York Labor Law § 663 and 12 NYCRR § 142-2.2 by failing to pay Plaintiff and other similarly situated members of the putative collective action overtime wages at a rate of one and one-half times the normal rate of pay for all hours worked over forty (40) in any given week..

56. Upon information and belief, the failure of Defendants to pay Plaintiff and other similarly situated members of the putative collective action their rightfully owed wages was willful.

57. Upon information and belief, Defendants violated Labor Law § 195(1) by failing to notify Plaintiffs and other similarly situated members of the class at the time of hiring of the Plaintiff's rate of pay.

58. Upon information and belief, Defendants violated Labor Law § 195(3) by failing to provide Plaintiff and other similarly situated members of the putative collective action with a statement with every payment of wages, listing gross wages and hours worked.

59. Upon information and belief, Defendants violated Labor Law §198-d by failing to post as required by statute.

60. As the result of the foregoing, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff and other similarly situated members of the putative collective action in an amount ot be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
(New York State Labor Law)

61. Plaintiff repeats and reiterates the allegations set forth in paragraphs 1 through 60 hereof.

62. The sums owed to Plaintiff constitute "wages" under the New York Labor Law.

63. Defendants violated New York Labor Law §§ 190 *et seq.* by failing to Plaintiff wages, including commissions, owed to Plaintiff.

64. Regarding commissions, Plaintiff is entitled to double damages pursuant to New York Labor Law § 191-C(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated, demands judgment and relief against Defendants, upon the claims stated herein, as follows:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff OMAR GONZALEZ and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising

      them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff OMAR GONZALEZ and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law and regulations;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid compensation, unpaid statutory minimum wages and overtime compensation under the FLSA and the New York Labor Law and regulations, and spread of hours pay under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked as well as statutory minimum wages, overtime compensation, spread of hours pay, and/or commissions;

g. An award of pre-judgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

i. Such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:   Garden City, New York
         December 19, 2016

                Yours, etc.

                Law Office of Mark E. Goidell

                *Mark E. Goidell*
                By:   Mark E. Goidell (MEG-4786)
                *Attorney for Plaintiff*
                666 Old Country Road, Suite 700
                Garden City, New York 11530
                Tel. (516) 683-0001
                Fax. (516) 228-0383
                mark@goidell.com